IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03460-DDD-CYC

LAURENCE SPOO,

    Plaintiff,

v.

IBP ASSET, LLC d/b/a CUTTING EDGE GLASS,

    Defendant.

---

**DEFENDANT'S OPPOSED MOTION TO RESTRICT**

---

Pursuant to D.C.COLO.LCivR 7.2, Defendant IBP Asset, LLC d/b/a Cutting Edge Glass ("Cutting Edge") hereby seeks leave to restrict public access to an exhibit to its forthcoming Motion for Summary Judgment via a Level 1 restriction. The grounds for this Motion are set forth below.

**I.   Certificate of Compliance with D.C.COLO.LCivR 7.1(a)**

Counsel for Defendant conferred via email with counsel for Plaintiff on August 5, 2025 about this Motion, and counsel for Plaintiff advised that Plaintiff opposed this Motion.

**II.   Relevant Factual Background**

The genesis of this case was Plaintiff Laurence Spoo's termination from Cutting Edge. Cutting Edge terminated the employment of Plaintiff and three other employees in August 2023 due to a slowdown in business. During his July 9, 2025 deposition, Cutting Edge's corporate representative testified about the Company's multiple rounds of reductions in force, conclusion of

27332656 v1

projects without others coming in, lack of hiring, and overall decline in business at the time of Plaintiff's termination up to that point.

Cutting Edge's Motion for Summary Judgment is due August 15, 2025. (ECF Doc. #28.) In support, Cutting Edge intends to file a spreadsheet showing its total revenue and labor costs from January 2023 to June 2025, attached as **Exhibit A**. This document includes detailed information about Cutting Edge's financial position on a month-to-month and year-to-year basis during that timeframe which, if disclosed to the public, could harm Cutting Edge's market position, competitive standing, and reputation with customers. Cutting Edge now seeks to restrict access to the document to the Court and parties via a Level 1 restriction.

### III. Law and Argument

D.C.COLO.LCivR 7.2(c) requires that a motion to restrict: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. "[B]ecause the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decision making. The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (internal citation and quotation marks omitted).

Here, the document for which Cutting Edge seeks a restriction is a spreadsheet showing its total revenue and labor costs on a month-to-month and year-to-year basis between January 2023

and June 2025. This document provides detailed information about Cutting Edge's financial position which, is publicly available, could provide an advantage to Cutting Edge's competitors and harm its reputation with customers. The Court has previously restricted "sensitive and proprietary information that is not currently available to the public," including financial information. *Mercer Glob. Advisors, Inc. v. Acg Wealth, Inc.*, No. 23-cv-02748-PAB-KAS, 2024 U.S. Dist. LEXIS 118320, *12-13 (D. Colo. June 22, 2024) (granting motion to restrict); *see also SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 U.S. Dist. LEXIS 41527, *3 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing.")

Given the nature of the document, selective redactions are not possible and only restricting access to the document can protect Cutting Edge's business interests. However, this restriction is narrowly tailored – Cutting Edge seeks only for the document itself to be restricted, not its entire Motion for Summary Judgment. And, Cutting Edge will provide a high-level summary of the document and explain the relevance of the document in its Motion for Summary Judgment, which will sufficiently serve the public's interest in the document.

**IV.     Conclusion**

For the reasons set forth herein, Cutting Edge respectfully requests that this Motion be granted and Exhibit A be subject to a Level 1 restriction.

Dated: August 8, 2025            Respectfully submitted,

/s/ W. Eric Baisden
W. Eric Baisden (OH 0055763)
Lyndsay M. Flagg (OH 0099248)
**BENESCH FRIEDLANDER
COPLAN AND ARONOFF, LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
ebaisden@beneschlaw.com
lflagg@beneschlaw.com

J. Mark Baird (CO 22276)
**BAIRD QUINN LLC**
2036 E. 17th Ave.
Denver, Colorado 80206
Telephone: 303.813.4500
Facsimile: 303.813.4601
JMB@bairdquinn.com

*Attorneys for Defendant,
IBP Asset, LLC d/b/a Cutting Edge Glass*

4